HEANEY, Circuit Judge,
dissenting.
Because Hill presented sufficient evidence to create a jury question as to whether the Sheriff and other officers (defendants) violated his clearly established Fifth Amendment rights of which a reasonable person would have known, I would affirm the district court’s denial of defendants’ motion for summary judgment on the basis of qualified immunity. I respectfully dissent.
The law is clear that public employees may not constitutionally be discharged for “refusal to expose themselves to criminal prosecution based on testimony which they would give under compulsion, despite their constitutional privilege.” Uniformed Sanitation Men Ass’n., Inc. v. Commissioner of Sanitation, 392 U.S. 280, 283, 88 S.Ct. 1917, 20 L.Ed.2d 1089 (1968); see also Gardner v. Broderick, 392 U.S. 273, 279, 88 S.Ct. 1913, 20 L.Ed.2d 1082 (finding it unconstitutional to discharge a police officer for refusing to waive his Fifth Amendment privilege). In this case, a reasonable person in the defendants’ position would have known of this right, and the fact that on one occasion Hill was advised of his Garrity rights shows that defendants did know of Hill’s rights.
I disagree with the majority that in viewing the evidence in the light most favorable to Hill, the only reasonable inference is that the meeting and polygraph examination were part of the Sheriffs internal administrative investigation. Hill presented evidence showing that the nature of the January 29, 1997 request to appear for a polygraph test the following day and the February 6 hearing were ambiguous. Prior to these events, in early January, Hill had been given both Miranda and Garrity warnings. The Garrity warnings, administered by form before the January 10 meeting with the Professional Standards Unit, indicated that they were applicable for only that meeting.
Meanwhile, a criminal investigation was “ongoing” during this entire period. Hill stated in his deposition that he thought the request for the polygraph and the meeting with Johnson were part of the criminal investigation. Hill’s belief was reasonable in light of the fact that some of the same people were involved with both the criminal and administrative investigations, Hill witnessed communication between the parties involved in both investigations, and the February 6 meeting was with the Sheriff who could reasonably have been expected to oversee both of the investigations that were proceeding in his department. Viewing the evidence in the light most favorable to Hill, there can be no doubt that a reasonable juror could conclude that the polygraph test and meeting were part of the continuing criminal investigation. Even assuming that the hearing was administrative, Hill could still not be constitutionally discharged for refusing to waive his Fifth Amendment rights in answering questions at the meeting.
The heart of my disagreement with the majority lies principally in its statement that a mere failure affirmatively to offer immunity is not an impermissible attempt to compel a waiver of immunity under Uniformed Sanitation Men. Under this analysis, a public employer could discharge an employee for refusing to- answer a question as long as there was no explicit request for a waiver, irrespective of whether the employee knew of the nature of the proceeding. I believe that this reading of the constitutional rights established in Uniformed Sanitation Men and Gardner is too narrow. See Gardner, 392 *473 U.S. at 279, 88 S.Ct. 1913 (“Petitioner could not have assumed — and certainly he was not required to assume — that he was being asked to do an idle act of no legal effect.”).
As a practical matter, the majority’s analysis impermissibly leaves public employees such as Hill uninformed and guessing as to how their statements may be used, what their constitutional rights are, and how to respond to ambiguous requests for statements, answers to questions, or a polygraph examination. I do not find this to be constitutionally allowable. See Benjamin v. City of Montgomery, 785 F.2d 959, 962 (11th Cir.1986) (“[W]e cannot require public employees to speculate whether their statements will later be excluded under Garrity.”). This burden is particularly troubling in this case where Hill was still not given explicit immunity after he expressed concerns about the nature of the meeting and the polygraph examination and asked to have his lawyer present. Absent a requirement that the employee’s rights be clearly communicated, a public employer such as the Pulaski County Sheriffs Office will be free to characterize any proceeding where it seeks to compel statements as “administrative” after the employee has been fired, and avoid the rights of public employees laid out by the Supreme Court in Uniformed Sanitation Men and Gardner.
Accordingly, I would hold that, given the ambiguity surrounding the nature of polygraph test and meeting and since Hill was not informed of his constitutional rights, defendants are unable to show, as a matter of law, that his discharge did not violate his clearly established Fifth Amendment rights. See Uniformed Sanitation Men Ass’n, Inc. v. Commissioner of Sanitation, 426 F.2d 619, 627 (2d Cir.1970) (Uniformed Sanitation Men II) (holding that discharge of public employee who refused to account for his performance was constitutional only where the employee had refused after being “duly advised of his options and the consequences of his choice.”); Confederation of Police v. Conlisk, 489 F.2d 891, 895 (7th Cir.1973) (discharging policemen for refusing to answer questions in an Internal Affairs Division meeting where they were not informed that any information they gave would not be used against them in criminal proceedings was clearly unconstitutional under Uniformed Sanitation Men and Gardner); Kalkines v. United States, 200 Ct.Cl. 570, 473 F.2d 1391, 1393 (Ct.Cl.1973) (adopting procedures set forth in Uniformed Sanitation Men II).
Therefore, I would affirm the district court’s denial of defendant’s motion for summary judgment. A jury should be given the chance to determine whether defendants’ actions were an attempt to compel a waiver of Hill’s Fifth Amendment privilege and if Hill was discharged for refusing to waive those rights. I therefore respectfully dissent.